480 P.2d 466

Veigh CUMMINGS, Plaintiff and Appellant,

v.

Neil JORGENSEN, Keith Jorgensen, Mrs. Bonnie Jefferies, Dianne Dover, Francis Mortensen and Josephine Peterson Allred, Defendants and Respondents.

No. 11997.

Supreme Court of Utah.

Jan. 29, 1971.

Dwight L. King, Salt Lake City, for plaintiff and appellant.

Duane A. Frandsen, Price, Arthur H. Nielsen, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff appeals from a dismissal of his action at the conclusion of his case under Rule 41(b), U.R.C.P., the trial court ruled that under the facts and law, plaintiff had shown no right to relief.

Defendants Allred, Jefferies and Dover were the owners in fee title of approximately 8,000 acres of land situated in Sanpete County, Utah. These defendants executed a contract to sell this property to defendant, Mortensen, about February 28, 1964. Plaintiff, in his action, sought an order from the court compelling the aforementioned defendants to assign their rights to him. In the alternative, plaintiff sought $250,000 damages from all the defendants on the ground that they had conspired to defeat his contract rights.[1]

There are 360 pages in the record in this case and numerous exhibits which detail a multitude of facts. The findings of fact

1. See Bunnell v. Bills, 13 Utah 2d 83, 90, 366 P.2d 597 (1962).

number 35 paragraphs, some of which are quite lengthy. A complete recitation of all these facts would unduly lengthen this opinion and would in no way enhance plaintiff's situation.

During November and December of 1963, plaintiff attempted himself and through intermediaries to purchase the real property. Mrs. Allred absolutely refused to deal with him. On January 2, 1964, the owners granted an option to purchase the property to Jorgensen Brothers, a partnership. Defendants Neil and Keith Jorgensen are the partners in this organization.

■ On January 3, 1964, plaintiff, with full knowledge of the partnership option, entered into an agency agreement with Neil Jorgensen. In this agency agreement, Neil agreed to negotiate for the purchase of the Allred property. He agreed that any instruments executed should be executed in his *individual name* but that it was understood that he was acting solely for his principal, plaintiff, and that he would assign all rights he might acquire to his principal.

The agency agreement made no mention of the option agreement previously acquired by the partnership. Since plaintiff knew of this option, and he expressly provided that Neil was to execute any instru-

ment in his individual name and to act solely for his principal, obviously the parties did not contemplate this prior option as part of the subject matter of their agreement. Furthermore, there was no basis upon which the agency agreement could be construed as binding the partnership.

■ Plaintiff's entire claim was predicated upon his attempted exercise of the partnership option, the rights to which he claimed through the agency agreement. Under the foregoing circumstances, the trial court properly ruled that under the facts and law, plaintiff had established no right to relief. Since plaintiff failed to establish a valid contractual right to purchase the property, obviously his claim that defendants maliciously interfered with these rights must fail. In addition, there was not a scintilla of evidence to indicate that Mortensen knew of the agency agreement prior to his purchase of the property, and the owners of the property would have been entitled to rescind upon discovery of plaintiff as an undisclosed principal.[2]

The judgment of the trial court is affirmed; costs are awarded to defendants.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. See Restatement of Agency 2d, § 304, Illustration 3: " * * * A has no reason to believe that T would be unwilling to contract with P but this fact is known to P, who employed A for the purpose of concealing P's interest in the transaction from T. P cannot enforce this contract if T elects to rescind."